UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

A&A Jewelers Limited and A&A Jewelers, Inc.,

        Plaintiffs,

                Hon. Hugh B. Scott
                04CV473E
      v.

                Decision & Order


Bogarz, Inc.,
        Defendant.
_____

   Before the Court is the plaintiff's motion to compel (Docket No. 25).

   A&A Jewelers Limited and A&A Jwelers Inc. (referred to collectively as "A&A") commenced this action asserting three counts of copyright infringement against Bogarz, Inc. ("Bogarz"). A&A seeks injunctive relief as well as compensatory damages.

   On October 26, 2004, A&A served its First Set of Interrogatories and Document Requests on Bogarz. These discovery demands were served upon Latham & Walkins, counsel for Bogarz in California. In January of 2005, Bogarz' New York counsel informed A&A that since the discovery demands were not served upon New York counsel, they would not act on them. (See (Docket No. 25-3). Thus, on January 11, 2005, a copy of the discovery demands were served upon Bogarz' counsel in New York. It is undisputed that Bogarz has not responded to the discovery requests. The parties exchanged correspondence in which Bogarz took the position that it would not respond to the discovery requests in this case until discovery disputes in another

1

case between the parties, A&A v. Bogarz, 04CV195E ("the 195 Case"), were resolved. Subsequently, the instant motion to compel was filed.

Bogarz does not dispute that it has not yet responded to the discovery demands, or that it withheld discovery pending the dispute in the "195" case. However, Bogarz argues that it has "effectively complied with the outstanding discovery requests by informing plaintiffs that, subject to reaching agreement on a satisfactory method of preserving confidentiality of the information to be disclosed, defendants responses are immediately available for service." (Docket No. 29 at ¶ 4). Initially, the Court notes that it is not appropriate to withhold discovery in one case based upon a discovery dispute in a separate case even though both cases involve the same parties. The Court does not accept the defendant's contention that promising to provide disclosure constitutes "effective compliance" with a discovery request. Moreover, it does not appear that such a representation was made until after the motion to compel was filed. In any event, regardless of when the "promise of disclosure" was made, the sought after discovery has not been provided, and it was necessary for A&A to draft and file the instant motion to compel.

The motion to compel is granted. Bogarz is directed to respond to the plaintiff's discovery requests as soon as practicable, but no later than 20 days from the date of this Order.

A&A also seeks the imposition of costs and attorneys fees under Rule 37 of the Federal Rules of Civil Procedure. Rule 37(a)(4)(A) also provides that "[if] the motion [brought under Rule 37] is granted or *if the disclosure or requested discovery is provided after the motion was filed*, **the court shall,** after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion,

including attorney's fees, *unless* the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection *was substantially justified,* or that other circumstances make an award of expenses unjust."

In the case at hand, Bogarz has failed to demonstrate any justification for the failure to respond to the discovery demands in a timely manner.  There was no basis for Bogarz to link discovery in this case with discovery in the "195" case.[1]   An award of attorneys fees and costs incurred in connection with the motion to compel is required under Rule 37 in this case. In its reply papers,  A&A states that it incurred fees totaling  $5288.84 in connection with the motion and has presented an itemization of fees.  (Docket No. 31).  Because this representation was made in A&'s reply papers, Bogarz has not had an opportunity to respond as to the reasonableness of the fee request.   Bogarz shall respond to the reasonableness of the fee application by July 15, 2005.  A&A may reply by July 29, 2005.  No further oral argument will be held on the issue.

So Ordered.

s/Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
June 29, 2005

---

[1]   Bogarz does not claim, and the record does not reflect, that Bogarz withheld discovery because of a delay in reaching an agreement as to a confidentiality stipulation.  In any event, if counsel cannot agree as to the timing of disclosure under such circumstances the appropriate course is to file a motion for a protective order.